# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| JENNIFER MOTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil No. 3:14-cv-00362-GCM |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss (Doc. No. 10) and Memorandum in Support (Doc. No. 11), and Plaintiff's Response in Opposition (Doc. No. 13). Defendant asks the Court to dismiss this case because Plaintiff has failed to comply with the time limitation set forth in 42 U.S.C. § 405(g). For the reasons set forth below, the Motion is **GRANTED**.

## I. BACKGROUND

*Pro se* Plaintiff Jennifer Moten seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Doc. No. 1). An Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for benefits under titles II and XVI of the Social Security Act on February 15, 2013. (Doc. No. 11-1 at 3). Plaintiff requested review of the ALJ's decision, and on April 11, 2014, the Appeals Council mailed Plaintiff notice of its decision denying her request for review and of the right to commence a civil action within 60 days of her receipt of the notice. (*Id.*) Plaintiff commenced this action on June 30, 2014, eighty

1

(80) days after the notice was mailed. (*See* Doc. No. 1). Defendant filed the instant Motion on September 15; thereafter, the Court sent Plaintiff a *Roseboro* notice setting a response deadline and advising her to respond (Doc. No. 12). Plaintiff filed a timely response on September 24, 2014 (Doc. No. 13).

## II. LEGAL STANDARD

"Federal courts are courts of limited subject matter jurisdiction," and there is no presumption that a court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). "The existence of subject matter jurisdiction is a threshold issue," and must be determined before reaching the merits of a case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). If at any time, the court determines that it lacks subject matter jurisdiction, "the court must dismiss the action." FED. R. CIV. P. 12(h)(3). The burden is on the plaintiff to allege facts in the complaint sufficient to demonstrate that the court has jurisdiction. *Pinkley*, 191 F.3d at 399 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936)).

When faced with a motion to dismiss pursuant to Rule 12(b)(6), courts are instructed to "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). After "assum[ing] the veracity" of these factual allegations, the court is to "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

Finally, a complaint filed *pro se* "must be held to less stringent standards than formal pleadings drafted by lawyers," and "is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, a *pro se* litigant must still plead "more than labels and conclusions." *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555). The rules of generous construction of *pro se* pleadings "do[] not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Godfrey v. Long*, No. 5:10-CT-3105-BO, 2012 WL 43593, at *1 (E.D.N.C. Jan. 9, 2012) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

### III. DISCUSSION

Defendant argues that this action must be dismissed because it was filed more than sixty (60) days after the final decision of the Commissioner. 42 U.S.C. § 405(g) provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within 60 days after the mailing to him of such notice of such decision or within such further time as the Commissioner may allow.

Here, Defendant notes that the Appeals Council mailed notice of the Commissioner's final decision on April 11, 2014. The Commissioner, by regulation, interprets "mailing" as the date of receipt, and presumes receipt five days after the notice is sent, unless the claimant makes a reasonable showing to the contrary. *See* 20 C.F.R. §§ 404.901, 422.210(c). Thus, Plaintiff had until June 16, 2014 to file her Complaint. She did not file her Complaint until June 30, 2014, and Defendant notes that Plaintiff has made no allegation that her failure to meet the deadline was due to her not receiving timely notice of the decision. (Doc. No. 11-1 at 3).

Defendant cites numerous cases supporting dismissal for failure to comply with the sixty-day statute of limitations contained in 42 U.S.C. § 405(g). (*See* Doc. No. 11 at 4-5). While

Defendant appears to challenge the Court's subject-matter jurisdiction, she also acknowledges that the Fourth Circuit has interpreted § 405(g) as a statute of limitations subject to equitable tolling rather than a jurisdictional limit. *See Hyatt v. Heckler*, 807 F.2d 376, 378 (4th Cir. 1986) (citing *Bowen v. City of New York*, 476 U.S. 467 (1986)). However, Defendant argues that tolling must be justified by exceptional circumstances, *see Chao v. Virginia Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002), and that no such circumstances are present here.

Indeed, at no point does Plaintiff challenge her receipt of the Commissioner's final decision, or argue that the limitation should otherwise be tolled. Plaintiff's Response goes on at length about why she desires to have Social Security benefits paid to her, (*see* Doc. No. 13), but never addresses her failure to meet the statutorily-imposed deadline. Without such a showing, the Court cannot find any basis to toll the limitation. *See Chao*, 291 F.3d at 283 (holding that "[e]quitable tolling is not appropriate . . . where the claimant failed to exercise due diligence in preserving his legal rights." (internal quotations omitted)). As a result, the Court finds that Defendant's arguments are persuasive and supported by sound reasoning and legal authority, and agrees that this action must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. No. 10) is **GRANTED**. This case is **DISMISSED**. The Clerk of Court is directed to close this case.

**SO ORDERED**.

Signed: December 1, 2014

Graham C. Mullen
United States District Judge